Opinion filed March 27, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed March 27, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00338-CR                                     

                        __________

 

                              MARTY MAYNARD DUNLAP, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 42nd District Court

 

                                                          Taylor
County, Texas

 

                                                 Trial
Court Cause No. 21,409-A

 



 

                                             M
E M O R A N D U M  O P I N I O N

Marty
Maynard Dunlap filed in the trial court a pro se motion stating that he wished
to file a motion requesting DNA testing pursuant to Tex. Code Crim. Proc. Ann. arts. 64.01-.05 (Vernon 2006 &
Supp. 2007) and requesting that
counsel be appointed.  A motion for DNA testing was not filed.  The trial court
denied the motion for appointment of counsel, and appellant filed a pro se
notice of appeal.  We affirm.

                                                                    Background








The
jury convicted appellant of possession of methamphetamine, and the trial court
assessed his punishment at confinement for twenty-five years.  This court
affirmed the conviction, and the Court of Criminal Appeals denied the petition
for discretionary review.  Dunlap v. State, No. 11-05-00207-CR, 2006 WL
3747180 (Tex. App.CEastland
Dec. 21, 2006, pet. ref=d)
(not designated for publication).  Identity was not an issue in that appeal;
sufficiency of the evidence and the validity of a jury argument were.  

In
his motion in which he stated he wished to file a motion, appellant asked the
trial court to take judicial notice of both the trial and appellate records and
proceedings.  Appellant also asserted that testing of Athe needles of each syringe, and the snorting
straw, that were found in the motel room registered to [appellant=s] friend@ would Aestablish a reasonable
probability >sufficient
to undermine=@ his conviction.

                                                                 Issues
on Appeal

Appellant
contends that the trial court erred in not entering findings of fact and
conclusions of law, that the trial court appeared to have held him to a higher
standard on his motion, and that the trial court erred because Article 64.05
provides that the appointment of counsel is mandatory.  We disagree.

                                                Statutory
Provisions for DNA Testing

Articles
64.01-.05 provide the procedures for securing DNA testing in a postconviction
setting.  We disagree with appellant=s
reading of these provisions.  Article 64.01(c) provides that appointment of
counsel is required but only after appellant has established the
following:

(1)
that, as the convicted person, he has informed the trial court that he desires
to submit a motion for DNA testing;

 

(2)
that the trial court has found reasonable grounds for such a motion; and

 

(3) that the trial court has determined that he is indigent.

Pursuant to the
applicable portions of Article 64.05, A[a]n
appeal under this chapter is to a court of appeals.@   There are no provisions requiring the trial
court to enter findings of fact or conclusions of law.

                                  Application
of the Law to the Record Before this Court








Nothing
in the record before us supports appellant=s
contentions that the trial court held him to standards higher than those
required under the statute.  Nothing in the record supports appellant=s  contentions that the
trial court abused its discretion.  However, the record does reflect that
appellant failed to meet the prerequisites for appointment of counsel under
Article 64.01(c).  

All
of appellant=s
contentions have been considered.  Each is overruled.

                                                                        Holding

The
order of the trial court is affirmed.

 

PER CURIAM

 

March 27, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.